
JUDGE DANIELS

PREET BHARARA
United States Attorney for the
Southern District of New York
By: LARA K. ESHKENAZI
Assistant United States Attorney
86 Chambers Street – 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2758
Fax No.: (212) 637-2702

11 CV 0236

RECEIVED
JAN 13 2011
U.S.D.C. S.D. N.Y.
COMPLETED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                   Plaintiff,

    v.

THE METROPOLITAN OPERA,

                   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

COMPLAINT

11 Civ. _____ (__)

ECF CASE

The United States of America, by its attorneys Eric H. Holder, Jr., Attorney General of the United States; Thomas E. Perez, Assistant Attorney General for Civil Rights; and Preet Bharara, United States Attorney for the Southern District of New York, alleges as follows:

1.     This is a civil action brought to redress discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 et seq., and its implementing regulation, 28 C.F.R. Part 36 (the "Regulation").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as all of defendant's acts of discrimination alleged in this complaint occurred in this District.

## THE PARTIES

4. Plaintiff is the United States of America.

5. Defendant Metropolitan Opera (the "Met" or "Defendant") is a New York corporation, with a principal place of business at Lincoln Center, New York, New York, which operates the Metropolitan Opera House (the "Opera"), also located at Lincoln Center, New York, New York.

6. The Opera is a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7) (C), because it is a "theater, ... or other place of exhibition or entertainment." The Opera includes, among other things, a lobby, ticket window, ticket office, stages, orchestra pits, seating on orchestra, mezzanine and/or balcony levels, lounges, and toilet rooms.

7. The Opera has a seating capacity of approximately 3,341 persons (not including standing room positions).

## ENFORCEMENT BY ATTORNEY GENERAL

8. Upon information and belief, there are persons with disabilities who have been injured by defendant's failure to remove barriers to access for persons with disabilities where removal is readily achievable.

9. There is reasonable cause to believe that for at least ten years following the effective date of the ADA, January 26, 1992, Defendant engaged in a pattern or practice of

2

discrimination under the ADA and that this action raises an issue "of general public importance." 42 U.S.C. § 12188(b)(l)(B)(i), (ii).

## CLAIMS FOR RELIEF

### CLAIM I

### READILY ACHIEVABLE BARRIER REMOVAL

10. For at least ten years following the effective date of the ADA, numerous architectural barriers prevented or restricted access to the Opera by individuals with disabilities in that the Opera's services, features, elements and spaces were not made readily accessible to, or usable by, individuals with disabilities, as specified by the Regulations. 28 C.F.R. §§ 36.304, 36.308(a); Standards for Accessible Design, 28 C.F.R. Part 36, App. A (the "Standards").

11. These architectural barriers to access include, but are not limited to, the following:

   a. The Opera did not have a reasonable number of wheelchair seating locations that were readily accessible to, and usable by, individuals with disabilities, including individuals who use wheelchairs, and had not provided companion seating next to the wheelchair seating locations. 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. §§ 36.304 and 36.308; 28 C.F.R. Part 36, App. A, §§ 4.1.3(19)(a) and 4.33.

   b. The Opera did not have wheelchair seating locations that were readily accessible to, and usable by, individuals with disabilities, including individuals who use wheelchairs, that are located so that they are dispersed throughout the seating areas. 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. §§ 36.304 and 36.308; 28 C.F.R. Part 36, App. A, §§ 4.1.3(19)(a) and 4.33.

   c. The Opera did not have a reasonable number of seats that had no

armrests or that were equipped with folding or removable armrests that were suitable for transfer from a wheelchair ("aisle transfer seating"). 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. §§ 36.304 and 36.308; 28 C.F.R. Part 36, App. A, § 4.1.3(19)(a).

12. Architectural barriers to access which continue to exist at the Opera include, but are not limited to the following:

   a. Some of the elevators serving the Opera have not been made readily accessible to, and usable by, individuals with disabilities, including individuals who use wheelchairs or who have visual impairments. 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. Part 36, App. A, §§ 4.1.3(5), 4.10.

   b. The Opera has not added a visual alarm system. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. Part 36, App. A, §§ 4.1.3(14) and 4.28.

13. Upon information and belief, it is and was readily achievable for Defendant to remove the architectural barriers to access identified in paragraphs 11 and 12. By failing to remove barriers to access to the extent it readily achievable to do so, Defendant has violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

## CLAIM II

### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

14. In the alternative, if it was not readily achievable to remove all of the barriers to access set forth in paragraphs 11 and 12, Defendant was required to provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

15. Upon information and belief, there are and were readily achievable alternatives to

4

barrier removal that Defendant could have undertaken and must undertake in order to make the goods, services and facilities offered at the Opera accessible to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

16. Upon information and belief, it is and was readily achievable for Defendant to undertake alternatives to barrier removal. By failing to undertake alternatives to barrier removal to the extent that it is and was readily achievable to do so, Defendant has violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

<u>CLAIM III</u>

REASONABLE MODIFICATIONS TO POLICIES, PRACTICES, AND PROCEDURES

17. Upon information and belief, Defendant failed to make reasonable modifications to its policies, practices and procedures to make the goods, services, and facilities of the Opera available to individuals with disabilities, as specified by Title III of the ADA and the Regulations. 42 U.S.C. §§ 12182(b)(1)(A)(ii), 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

18. Upon information and belief, Defendant afforded individuals with disabilities who wish to purchase tickets to wheelchair seating locations an opportunity to purchase tickets that is unequal to that afforded to others, by utilizing administrative methods that have the effect of discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(1)(A)(ii), 12182(b)(1)(D)(i); 28 C.F.R. §§ 36.202(b), 36.204.

19. Upon information and belief, Defendant's non-compliant policies, practices and procedures included, but are not limited to, failing to modify their sales policies and practices to ensure that wheelchair and companion seating afford an equal opportunity to participate in or

benefit from the Opera's goods and services. 28 C.F.R. §§ 36.308(a)(ii)(A) & (B), Part 36, App. A, § 4.33.3.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that the Court enter judgment that:

A.   Declares that for at least ten years following the effective date of the ADA Defendant violated Title III of the ADA, 42 U.S.C. § 12182, at the Opera (1) by failing to provide wheelchair, companion and aisle transfer seating pursuant to 28 C.F.R. § 36.308; (2) by failing to remove architectural barriers to access pursuant to 28 C.F.R. § 36.304; (3) by failing to provide alternatives to barrier removal pursuant to 28 C.F.R. § 36.305; (4) by failing to modify policies, practices and procedures when necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities pursuant to 28 C.F.R. § 36.302; (5) by failing to utilize administrative methods that afford people with disabilities who wish to purchase tickets to accessible seating locations an opportunity to purchase tickets that is equal to that afforded to others pursuant to 42 U.S.C. § 12182; 28 C.F.R. §§ 36.202, 36.204; and (6) by failing to provide people with disabilities seats that have lines of sight comparable to those offered to members of the general public pursuant to 28 C.F.R. § 36.308;

B.   Orders Defendant to maintain a reasonable number of accessible wheelchair locations, aisle transfer seating locations and companion seating locations that are dispersed throughout the seating area pursuant to 42 U.S.C. §§ 12182(b)(2)(A)(iv), 12188(b)(2)(A); 28 C.F.R. § 36.308;

C.   Orders Defendant to remove all architectural barriers pursuant to 42 U.S.C. §§ 12182(b)(2)(A)(iv), 12188(b)(2)(A); 28 C.F.R. § 36.304 and 28 C.F.R. Part 36, App. A,

including, but not limited to, removing the architectural barriers to access set forth in paragraph 12;

D. Orders Defendant to provide readily achievable alternatives to barrier removal in all instances, if any, where it is not readily achievable to remove architectural barriers pursuant to 42 U.S.C. §§ 12182(b)(2)(a)(v), 12188(b)(2)(A); 28 C.F.R. § 36.305;

E. Orders Defendant to maintain reasonable modifications to its policies, practices and procedures, including ticketing policies, practices and procedures, when necessary to afford people with disabilities equal access to the goods, services, facilities, privileges, advantages or accommodations provided at the Opera pursuant to 42 U.S.C. §§ 12182(b)(2)(A)(ii), 12188(b)(2)(A); 28 C.F.R. §§ 36.302, 36.308;

F. Awards monetary damages to persons who have been injured by Defendant pursuant to 42 U.S.C. § 12188(b)(2)(B) and 28 C.F.R. § 36.504(a)(2);

G. Assesses a civil penalty against the Defendant in an amount authorized by 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3), to vindicate the public interest; and

H.   Orders such other appropriate relief as the interest of justice may require.

Dated: New York, New York
      ~~June ___, 2010~~
      January 13, 2011

ERIC H. HOLDER, JR.
Attorney General

*/s/ Thomas E. Perez*

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

SAMUEL R. BAGENSTOS
Principal Deputy Assistant
    Attorney General


PREET BHARARA
United States Attorney for the
    Southern District of New York
Attorney for the United States of America

By: */s/ Lara K. Eshkenazi*

LARA K. ESHKENAZI
Assistant United States Attorney
86 Chambers Street -- 3rd Floor
New York, New York  10007
Tel. No.: (212) 637-2758
Fax No.: (212) 637-2702
lara.eshkenazi@usdoj.gov